**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X


| | | |
|---|---|---|
| NAKED COWBOY, d/b/a | ) | **Case No. 1:10-cv-05539-VM** |
| NAKED COWBOY ENTERPRISES | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S (I) ANSWER TO** |
| | ) | **COMPLAINT AND (II)** |
| vs. | ) | **COUNTERCLAIM FOR** |
| | ) | **DECLARATION OF INVALIDITY** |
| SANDRA BRODSKY, | ) | |
| A/K/A SANDY KANE | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | | |

_____

## I. ANSWER

Defendant Sandra Brodsky a/k/a Sandy Kane responds to the Complaint filed by Plaintiff Robert Burck a/k/a Naked Cowboy d/b/a Naked Cowboy Enterprises ("Burck") as follows:

1.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and denies the allegations contained therein on that basis.

2.    Defendant admits the allegations of paragraph 2 of the Complaint.

3.    Defendant admits the allegations of paragraph 3 of the Complaint.

4.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and denies the allegations contained therein on that basis.

5.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.    Defendant denies the allegations contained in paragraph 6 of the Complaint.

1

7.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and denies the allegations contained therein on that basis.

8.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and denies the allegations contained therein on that basis.

9.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and denies the allegations contained therein on that basis.

10.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and denies the allegations contained therein on that basis.

11.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and denies the allegations contained therein on that basis.

12.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and denies the allegations contained therein on that basis.

13.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and denies the allegations contained therein on that basis.

14.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and denies the allegations contained therein on that basis.

15.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and denies the allegations contained therein on that basis.

**DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM**                     **1:10-cv-05539-VM**

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and denies the allegations contained therein on that basis.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and denies the allegations contained therein on that basis.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and denies the allegations contained therein on that basis.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and denies the allegations contained therein on that basis.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and denies the allegations contained therein on that basis.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and denies the allegations contained therein on that basis.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and denies the allegations contained therein on that basis.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and denies the allegations contained therein on that basis.

24. Defendant admits that in 2008 she appeared in Times Square as the Naked Cowgirl; Defendant denies the remaining allegations of paragraph 24 of the Complaint.

**DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM** **1:10-cv-05539-VM**

25. Defendant admits that she has worn cowgirl boots, a cowgirl hat, a guitar and occasionally a brazier; Defendant denies the remaining allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant admits that she received press and visibility as The Naked Cowgirl; Defendant denies the remaining allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant admits that Plaintiff has made multiple efforts, beginning in 2010, to prevent Defendant from lawfully performing and has sought to extort money from Defendant by demanding that Defendant sign a Franchise Agreement and pay money to Plaintiff; Defendant denies the remaining allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and denies the allegations contained therein on that basis.

36. Defendant admits that she has made obscene gestures when being photographed; Defendant denies the remaining allegations of paragraph 36 of the Complaint.

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and denies the allegations contained therein on that basis.

38.  Defendant admits that she disputes the validity of the Naked Cowboy trademark and franchise; Defendant denies the remaining allegations of paragraph 40 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

**DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM**          **1:10-cv-05539-VM**

40. Defendant admits that she has advertised in the Nashville Music Guide; Defendant denies the remaining allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

44. Defendant admits that she has advertised and promoted her music; Defendant denies the remaining allegations of paragraph 44 of the Complaint.

45. Defendant denies the allegations of paragraph 45 of the Complaint.

**ANSWER TO ALLEGATIONS REGARDING COUNT I**

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 46 of the Complaint and denies the allegations contained therein on that basis.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies the allegations of paragraph 50 of the Complaint.

51. Defendant denies the allegations of paragraph 51 of the Complaint.

**ANSWER TO ALLEGATIONS REGARDING COUNT II**

52. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and denies the allegations contained therein on that basis.

53. Defendant denies the allegations of paragraph 53 of the Complaint.

54. Defendant denies the allegations of paragraph 54 of the Complaint.

55. Defendant denies the allegations of paragraph 55 of the Complaint.

56. Defendant denies the allegations of paragraph 56 of the Complaint.

57. Defendant denies the allegations of paragraph 57 of the Complaint.

## ANSWER TO ALLEGATIONS REGARDING COUNT III

58. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 58 of the Complaint and denies the allegations contained therein on that basis.

59. Defendant denies the allegations of paragraph 59 of the Complaint.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

61. Defendant denies the allegations of paragraph 61 of the Complaint.

62. Defendant denies the allegations of paragraph 62 of the Complaint.

63. Defendant denies the allegations of paragraph 63 of the Complaint.

## ANSWER TO ALLEGATIONS REGARDING COUNT IV

64. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 64 of the Complaint and denies the allegations contained therein on that basis.

65. Defendant denies the allegations of paragraph 65 of the Complaint.

66. Defendant denies the allegations of paragraph 66 of the Complaint.

## ANSWER TO ALLEGATIONS REGARDING COUNT V

67. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 67 of the Complaint and denies the allegations contained therein on that basis.

68. Defendant denies the allegations of paragraph 68 of the Complaint.

## ANSWER TO ALLEGATIONS REGARDING COUNT VI

69. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 69 of the Complaint and denies the allegations contained therein on that basis.

70. Defendant denies the allegations of paragraph 70 of the Complaint.

71. Defendant denies the allegations of paragraph 71 of the Complaint.

72. Defendant denies the allegations of paragraph 72 of the Complaint.

73. Defendant denies the allegations of paragraph 73 of the Complaint.

**DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM**                    **1:10-cv-05539-VM**

## ANSWER TO ALLEGATIONS REGARDING COUNT VII

74. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 74 of the Complaint and denies the allegations contained therein on that basis.

75. Defendant denies the allegations of paragraph 75 of the Complaint.

## GENERAL DENIAL

Defendant denies each and every factual allegation in the Complaint that is not specifically admitted or otherwise addressed in the preceding paragraphs and demands strict proof thereof.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the judgment and relief prayed for in paragraphs 1 - 8 on pages 10 and 11 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

2. Defendant alleges the Complaint is barred by the applicable statute(s) of limitations.

3. Defendant alleges the Complaint is barred by the doctrine of laches.

4. Defendant alleges the Complaint is barred by the doctrine of estoppel.

5. Defendant alleges the Complaint is barred by the doctrine of acquiescence.

6. Defendant alleges the Complaint is barred by the doctrine of waiver.

7. Defendant alleges the Complaint is barred by the doctrine of unclean hands.

8. Defendant alleges the Complaint is barred by the fact that Plaintiff has made no exclusive use of a cowboy hat and guitar, and has no protectable interest in performing in such garb.

9. Defendant alleges the Complaint is barred by the doctrine of Fair Use.

10. Defendant alleges the Complaint is barred by the free speech provisions of the First Amendment.

11. Defendant alleges the Complaint is barred by the doctrine of parody.

12. Defendant reserves the right to amend her Answer and to assert additional defenses and/or supplement, alter or change her Answer and defenses upon the discovery of more definitive facts and upon the completion of a continuing investigation and discovery.

## II. COUNTERCLAIM FOR INVALIDATION

Defendant/Petitioner hereby counterclaims for a declaration of invalidity with respect to Plaintiff's pleaded Registration No. 3,792,432 for the mark NAKED COWBOY.

1. Defendant/Petitioner, Sandra Brodsky a/k/a Sandy Kane, is an individual citizen of the United States with a place of residence at 400 West 43rd St. #6K, New York, NY 10036. Petitioner is a comedian and entertainer, and has been performing naked or semi-nude for more than four decades.

2. On information and belief, Plaintiff, Robert Burck is an individual residing in New Jersey.

3. On July 21, 2010, Registrant filed in the United States District Court for the Southern District of New York a civil complaint, *Naked Cowboy d/b/a Naked Cowboy Enterprises* v. *Sandra Brodsky a/k/a Sandy Kane,* Civ. No. 10-5539, in which he asserts, inter alia, a cause of action for Trademark Infringement under 15 U.S.C. § 1051 *et seq*.; 15 U.S.C. § 1114(a); Unfair Competition, Passing Off, False Advertising and False Designation of Origin under 15 U.S.C. § 1125(a);  and Dilution of a Famous Mark under 15 U.S.C. § 1125(c); relying on the trademark depicted in Registration No. 3,792,432 (hereinafter, "NAKED COWBOY").

4. In the Complaint, Registrant raises and relies on the NAKED COWBOY registration as a basis for his claims.

5. Defendant denies that she infringed on Plaintiff's NAKED COWBOY mark.

6. Accordingly, a case and controversy exists about Plaintiff's right to use and register the NAKED COWBOY mark and about the validity of such mark.

7. Defendant's use of "Naked Cowgirl" is as a descriptive term used fairly and in good faith in its primary descriptive sense.  Defendant's use of "Naked Cowgirl" is appropriate and accurately describes a characteristic of the Defendant.  Defendant denies that she has used "Naked Cowgirl" as a trademark, or that the NAKED COWBOY mark is capable of functioning

8

as a trademark such that it could prevent Defendant from using the term "Naked Cowgirl" in connection with her entertainment services.

8.    Consequently, Defendant/Counter-Claimant has a real and significant interest in the alleged validity of the NAKED COWBOY registration.

**First Counterclaim for Invalidity of Registration No. 3,792,432 for Genericness**

9.    The above allegations are hereby incorporated by reference.

10.    Defendant's use of "Naked Cowgirl" constituted fair use, was done in good faith, and did not infringe on any federal or other trademark rights of Plaintiff.

11.    By accusing Defendant of federal trademark infringement and filing the complaint herein, Plaintiff has created a present and actual controversy between the parties.

12.    Defendant requests that this Court declare and adjudicate the parties' respective rights and duties with respect to Defendant's fair use of "Naked Cowgirl."

13.    Plaintiff is the owner of Registration No. 3,792,432 for NAKED COWBOY for use on the following services:

> "Educational and entertainment services, namely, providing motivational and educational speakers; Entertainment in the nature of circuses; Entertainment in the nature of dance performances; Entertainment in the nature of live performances by a musical personality/performer; Entertainment in the nature of live radio personality performances; Entertainment in the nature of on-going television programs in the field of news, comedy, variety; Entertainment in the nature of prerecorded sex-oriented, joke-oriented, insult-oriented messages by telephone; Entertainment in the nature of television news shows; Entertainment in the nature of live musical group, television comedy series, ethnic festival; Entertainment services, namely, live, televised and movie appearances by a professional entertainer; Entertainment services, namely, personal appearances by a celebrity, radio-TV personality, actor, movie star, model, sports celebrity; Entertainment services, namely, providing a radio program in the field of entertainment, comedy, motivational speaking via a global computer network; Entertainment services, namely, providing a television program in the field of entertainment, comedy, motivational speaking via a global computer network; Entertainment services, namely, providing an on-going radio program in the field of news, comedy, variety; Entertainment services, namely, providing an on-line computer game; Entertainment, namely, a continuing comedy, variety show broadcast over television, satellite, audio, and video media; Entertainment, namely, live music concerts; Entertainment, namely, live performances by musical bands; Entertainment, namely, television news shows; Multimedia entertainment software production services; Radio entertainment production; Radio entertainment

9

services, namely, radio programs featuring performances by a person or individual, fictional character, radio personality, TV personality."

14. Registration No. 3,792,432 was issued on May 25, 2010, and is less than five years old.

15. Plaintiff's "NAKED COWBOY" mark is invalid because it is generic and/or descriptive without secondary meaning. The term "Naked Cowboy" cannot function as a trademark with respect to a person, such as the plaintiff, who is costumed as *a cowboy with no clothes on*. The term "Naked Cowboy," in other words, is generic for a "naked cowboy." Both the words and the concept of a "naked cowboy" are in the public domain.

16. Because it is a generic term, NAKED COWBOY is incapable of functioning as a trademark and is not eligible for registration on the either the Principal or Supplemental Register.

## Second Counterclaim for Cancellation of Registration No. 3,792,432 for Fraud

17. On July 15, 2009, Plaintiff filed application Serial No. 77/781,761 for registration on the Principal Register of the NAKED COWBOY Mark for a variety of services in International Class 41.

18. On July 15, 2009, Plaintiff also claimed a filing basis of use of the mark in commerce and submitted a statement to the PTO which stated in relevant part as follows: "The applicant is using the mark in commerce on commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services."

19. Plaintiff further represented in the application that the date of first use of the NAKED COWBOY Word Mark in connection with the identified services was April 2, 1991.

20. The application also included a signed declaration stating as follows: "The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment or both, under 18 U.S.C. § 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that... all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true."

21.  The resulting registration certificate for the NAKED COWBOY Word Mark, listed the following services:

"Educational and entertainment services, namely, providing motivational and educational speakers; Entertainment in the nature of circuses; Entertainment in the nature of dance performances; Entertainment in the nature of live performances by a musical personality/performer; Entertainment in the nature of live radio personality performances; Entertainment in the nature of on-going television programs in the field of news, comedy, variety; Entertainment in the nature of prerecorded sex-oriented, joke-oriented, insult-oriented messages by telephone; Entertainment in the nature of television news shows; Entertainment in the nature of live musical group, television comedy series, ethnic festival; Entertainment services, namely, live, televised and movie appearances by a professional entertainer; Entertainment services, namely, personal appearances by a celebrity, radio-TV personality, actor, movie star, model, sports celebrity; Entertainment services, namely, providing a radio program in the field of entertainment, comedy, motivational speaking via a global computer network; Entertainment services, namely, providing a television program in the field of entertainment, comedy, motivational speaking via a global computer network; Entertainment services, namely, providing an on-going radio program in the field of news, comedy, variety; Entertainment services, namely, providing an on-line computer game; Entertainment, namely, a continuing comedy, variety show broadcast over television, satellite, audio, and video media; Entertainment, namely, live music concerts; Entertainment, namely, live performances by musical bands; Entertainment, namely, television news shows; Multimedia entertainment software production services; Radio entertainment production; Radio entertainment services, namely, radio programs featuring performances by a person or individual, fictional character, radio personality, TV personality."

22.  Upon information and belief, Plaintiff is not using, and never has used, the NAKED COWBOY Mark on or in connection with many of the services listed in the Registration, including at least the following:

Entertainment in the nature of *circuses*;
Entertainment in the nature of *on-going television programs in the field of news, comedy, variety*;
Entertainment in the nature of *television news shows*;
Entertainment in the nature of *live musical group, television comedy series, ethnic festival*;
Entertainment services, namely, *providing a radio program in the field of entertainment, comedy, motivational speaking via a global computer network*;
Entertainment services, namely, *providing an on-going radio program in the field of news, comedy, variety*;
Entertainment, namely, *a continuing comedy, variety show broadcast over television, satellite, audio, and video media*;
Entertainment services, namely, *providing an on-line computer game*;

11

Multimedia *entertainment software production services*;
*Radio entertainment production*.

23. Consequently, when Plaintiff submitted his use application and accompanying declaration to the PTO swearing that he was using the NAKED COWBOY Mark in connection with "all goods/services listed in the Application," such information was false.

24. When Plaintiff submitted an affidavit averring that the NAKED COWBOY mark had been in use in connection with all goods/services listed in the Application since April 2, 1991, such information was false.

25. Plaintiff knew, or *must* have known, at the time he filed his use application and accompanying declaration that the NAKED COWBOY Mark was not in use on all of the identified services.

26. Plaintiff knew, or *must* have known, at the time he filed his use application and accompanying declaration that the NAKED COWBOY Mark had not been in use on all of the identified services since April 2, 1991.

27. Plaintiff submitted the false statement of use and accompanying declaration with the intent to induce the PTO to grant registration of the NAKED COWBOY Mark, and reasonably relying on the truth of said false statements, the PTO did in fact issue a certificate of registration, Reg. No. 3,792,432, for the NAKED COWBOY Mark on May 25, 2010.

28. In reliance on this material misrepresentation, the USPTO improperly issued a Certificate of Registration for the NAKED COWBOY mark.

29. Defendant is and will continue to be damaged by Plaintiff 's registration of the NAKED COWBOY Mark because Plaintiff has raised and relied upon the fraudulently obtained NAKED COWBOY Mark registration in the above-referenced civil action filed against Petitioner in federal court.

30. By reason of the foregoing, Defendant will be damaged by the continued existence of Registrant's NAKED COWBOY registration, and the registration should be declared invalid and cancelled.

### III. PRAYER FOR RELIEF

WHEREFORE, Defendant prays that this Court grant the following relief:

A.      That the Complaint be dismissed with prejudice and judgment granted in Defendant's favor.

B.      That a judgment issue declaring that Plaintiff's NAKED COWBOY mark is invalid and should be cancelled.

C.      That the Court award Defendant her costs in connection with this litigation; and

D.      That the Court award Defendant such other and further relief as the Court deems just and proper.

Dated this 10th day of September, 2010.

By:
                    s/NSB
_____
Nicholas S. Barnhorst, Esq. (NB2626)
12 Desbrosses St.
New York, NY 10013
(646) 807-2196 Telephone
(858) 456-4802 Facsimile
nbarnhorst@trademarkgroup.com;
usdocketing@trademarkgroup.com

Attorneys for Sandra Brodsky

**DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM**          **1:10-cv-05539-VM**